14 CV 4279

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTONIA SANTANA,

                Plaintiff,

     -against-

JORGE BROWN and ANA MARIA BROWN,

                Defendants.
-------------------------------------------------------------X

COMPLAINT

Docket No.:

Jury Trial Demanded

RECEIVED JUN 13 2014 U.S.D.C. S.D. N.Y.

      ANTONIA SANTANA ("Plaintiff"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against JORGE BROWN and ANA MARIA BROWN (collectively as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

      1.    This is a civil action based upon flagrant and willful violations committed by the Defendants of Plaintiff's rights guaranteed to her by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(f); (ii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 170; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, N.Y. Lab. Law § 652(1); 12 NYCCRR § 142-2.1; (iv) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL, N.Y. Lab. Law § 195(3); (v) the requirement that employers furnish employees with a wage notice at the time of hiring and on an annual basis containing specific categories of information under the

1



NYLL, N.Y. Lab. Law § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.  This matter is a straightforward wage-and-hour case premised on the Defendants' willful FLSA and NYLL violations. Throughout Plaintiff's employment as a domestic servant, Defendants compensated Plaintiff at a flat rate in cash of $400 per week, which was meant to cover only the first forty-four hours that Plaintiff worked each week. Yet, Plaintiff worked, on average, approximately 119 hours per week. Defendants did not pay Plaintiff the statutorily-required minimum wage rates under the FLSA and NYLL for any hours worked in excess of forty-four each workweek. Defendants also did not compensate Plaintiff at the NYLL statutorily-required rate of one and one-half times her regular rate of pay for any and all hours that Plaintiff worked per week in excess of forty-four. Defendants also failed to furnish Plaintiff with accurate and/or complete wage statements on each payday, or with wage notices at the time of hire and on an annual basis as required by the NYLL.

### JURISDICTION AND VENUE

3.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. §§ 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

4.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district.

## PARTIES

5. At all relevant times herein, Plaintiff Antonia Santana, a domestic servant who cared for the grandmother of Defendant Jorge Brown, is and was a resident of the Bronx, New York and is an "employee" entitled to protection as defined by the FLSA and NYLL.

6. At all relevant times herein, Defendant Jorge Brown is and was an adult individual residing at 1156 Elder Avenue, Bronx, New York 10472.

7. At all relevant times herein, Defendant Ana Maria Brown is and was an adult individual residing at 1156 Elder Avenue, Bronx, New York 10472.

8. At all relevant times herein, both of the Defendants qualified as Plaintiff's "employers" within the meaning of the FLSA and NYLL.

9. Defendants are both covered employers who are engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 202(a)(5), because Defendants employed Plaintiff as a domestic servant in their household.

10. At all relevant times herein, Plaintiff worked for Defendants as a domestic servant at the Defendants' home located at 1156 Elder Avenue, Bronx, New York 10472.

## BACKGROUND FACTS

11. Plaintiff's employment with all Defendants as a domestic servant spanned from in or around November 15, 2011 to in or around July 26, 2013.

12. Defendants were jointly responsible for setting Plaintiff's rate of pay, work schedule, job duties, and all other terms and conditions of Plaintiff's employment. Both Defendants benefitted from Plaintiff's employment.

13. Plaintiff primarily performed care-related tasks for Defendant Jorge Brown's grandmother, Theresa Knight, who suffered from Alzheimer's disease.

14. Throughout her entire period of employment with Defendants, Defendants required Plaintiff to work, and Plaintiff did in fact work, consecutive five-day shifts without any breaks for a total of 119 hours per week. Plaintiff's regular hours began on Sunday at 7:30 p.m. and ended on Friday at 6:30 p.m.

15. Throughout Plaintiff's entire period of employment with Defendants, Defendants paid Plaintiff for the first forty-four hours worked at the rate of $400 per week, which amounts to a regular rate of pay of $9.09 per hour.

16. Defendants did not compensate Plaintiff at any rate of pay, or at the NYLL statutorily-required rate of one and one-half times her regular rate of pay, for any and all hours that Plaintiff worked per week in excess of forty-four.

17. On the occasions when Defendants paid Plaintiff, Defendants intentionally did not furnish Plaintiff with a wage statement that accurately listed the following: the dates of work covered by the payment; Plaintiff's name; Defendants' names; Defendants' address(es) and telephone number(s); Plaintiff's hourly rate of pay; Plaintiff's overtime rate of pay; and the basis for computing Plaintiff's rates of pay. Instead, Defendants paid Plaintiff in cash.

18. Defendants intentionally did not provide Plaintiff with a wage notice at the time of hire or on an annual basis containing all of the following information: Plaintiff's hourly rate of pay; Plaintiff's overtime rate of pay; whether any allowances are claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical address(es) of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing address(es) and telephone number(s).

19. Defendants were also at all times aware of their legal obligations to pay Plaintiff overtime pay at the rate of one and one-half times her regular rate of pay for hours worked per

week in excess of forty-four under the NYLL, as well as at the minimum wage rate of pay for each hour worked under the FLSA and NYLL. In addition, Defendants were aware of their legal obligation to issue Plaintiff accurate wage statements on each payday and an initial and annual wage notice in accordance with the NYLL. Thus, their violations of the FLSA and NYLL with respect to Plaintiff were willful.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations of the FLSA*

20. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

21. 29 U.S.C. § 206(f) prescribes a minimum wage that employers must pay to domestic servants for each hour worked. For the period of Plaintiff's employment with Defendants, the minimum wage under the FLSA was $7.25 per hour.

22. As described above, all Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

23. As also described above, for all hours that Plaintiff worked per week in excess of forty-four, Defendants did not compensate Plaintiff at any rate of pay, which means that they compensated Plaintiff for those hours at an hourly rate less than the minimum required by the FLSA.

24. The Defendants' actions were in willful violation of the FLSA.

25. Plaintiff is entitled to the minimum rate of pay that she was legally due under the FLSA's minimum wage provisions for these hours worked.

26. Plaintiff is also entitled to liquidated damages, attorneys' fees, and costs for the Defendants' violations of the FLSA's minimum wage provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and NYCCRR*

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28. N.Y. Lab. Law § 170 requires employers to compensate domestic servants at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty-four in a workweek.

29. As described above, all Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

30. As also described above, Plaintiff worked in excess of forty-four hours per week, yet the Defendants failed to compensate Plaintiff in accordance with the NYLL's overtime provisions.

31. The Defendants' actions were in willful violation of the NYLL.

32. Plaintiff is entitled to her overtime pay for all hours worked per week in excess of forty-four at the rate of one and one-half times her regular rate of pay.

33. Plaintiff is also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendants' violations of the NYLL's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations of the NYLL*

34. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. NYLL § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked. For the period of Plaintiff's employment with Defendants, the minimum wage under the NYLL was $7.25 per hour.

36. As described above, all Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

37. As also described above, for all hours that Plaintiff worked per week in excess of forty-four, Defendants did not compensate Plaintiff at any rate of pay, which means that they compensated Plaintiff for those hours at an hourly rate less than the minimum required by the NYLL.

38. The Defendants' actions were in willful violation of the NYLL.

39. Plaintiff is entitled to the minimum rate of pay that she was legally due under the NYLL's minimum wage provisions for these hours worked.

40. Plaintiff is also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendants' violations of the NYLL's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

43. As described above, Defendants willfully failed to furnish Plaintiff with accurate wage statements containing all of the criteria required under the NYLL.

44. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $100 for each failure of this sort.

45. For their failures, besides the statutory penalties, Defendants are also liable to Plaintiff for liquidated damages, attorneys' fees, and costs.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

46.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire and on an annual basis containing accurate, specifically enumerated criteria.

48.     As described above, Defendants willfully failed to provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

49.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workweek after the violations initially occurred.

50.     For their failures, in addition to the statutory penalties, Defendants are also liable to Plaintiff for liquidated damages, attorneys' fees, and costs.

### DEMAND FOR A JURY TRIAL

51.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws and regulations;

B. An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

C. All damages that Plaintiff has sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

8

D. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

E. Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

F. Pre-judgment and post-judgment interest, as provided by law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
       June 12, 2014

                                     Respectfully submitted,

                                     BORRELLI & ASSOCIATES, P.L.L.C.
                                     *Attorneys for Plaintiff*
                                     1010 Northern Boulevard, Suite 328
                                     Great Neck, NY 11021
                                     Tel.:  (516) 248 – 5550
                                     Fax.:  (516) 248 – 6027

By: _____
       MICHAEL J. PALITZ (MP 7883)
       ALEXANDER T. COLEMAN (AC 1717)
       MICHAEL J. BORRELLI (MB 8533)