```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ANTONIA SANTANA,                                              :
                              Plaintiff,                      :
                                                              :    14 Civ. 4279 (LGS)
                  -against-                                   :
                                                              :    OPINION & ORDER
JORGE BROWN, et al.,                                          :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

  Defendants Jorge Brown and Ana Maria Brown hired Plaintiff Antonia Santana to care for their elderly relative Teresa Knight, who suffers from dementia and Alzheimer's disease. Plaintiff, who worked for Defendants from 2011 until her termination in 2013, brings suit claiming violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). It is undisputed that Defendants paid Plaintiff below the federal and New York state minimum wage, did not pay her overtime wages for time worked in excess of 44 hours, did not keep track of Plaintiff's hours and gave her pay statements that did not conform to state law requirements. Yet, Defendants move for summary judgment on the grounds that they are exempt from the FLSA and that, to the extent the NYLL applies, the FLSA preempts the NYLL. For the reasons stated below, Defendants' motion for summary judgment is without merit and is denied. Plaintiff's cross-motion for partial summary judgment is granted.

**I. BACKGROUND**

  The facts are taken from the parties' submissions in connection with the motion and are undisputed unless otherwise noted.

  Jorge and Ana Maria Brown are married and have lived in Jamaica, New York, for approximately 38 years. Teresa Knight is the stepmother of Mr. Brown's father, and Mr. Brown

has always considered Ms. Knight his grandmother.  Ms. Knight is around 92 years old and lives in an apartment in the Bronx.  She was diagnosed with dementia in 2010 and has needed the help of live-in companions ever since.

Defendants employed Plaintiff for 88 weeks from around November 15, 2011, to around July 26, 2013.  Defendants hired Plaintiff to provide around-the-clock care to Ms. Knight every week from Sunday evening to Friday evening.  In his affidavit in support of his motion, Jorge states that although he "cannot say that [Plaintiff] worked precisely 119 hours per week, every week, . . . generally that would be a good approximation of an average workweek."  Defendants paid Plaintiff a flat rate of $400 per week out of Ms. Knight's funds, over which Jorge Brown had a valid power of attorney.  At all times, Defendants, and not Ms. Knight, supervised Plaintiff's work.  They did not pay Plaintiff at an overtime rate for hours worked over 44 hours per week.  They did not maintain records of the hours Plaintiff worked.  They did not provide Plaintiff any wage notices, and provided pay slips that they admit do not comply with the NYLL requirements.  Defendants admit that they never "made any attempt to determine whether the way [they] employed [Plaintiff] complied with the law.  [They] did not believe there was any need to do so."

During the course of her employment, Plaintiff prepared meals for Ms. Knight, accompanied Ms. Knight to her medical appointments, helped Ms. Knight with her medications and cleaned the apartment.  According to Plaintiff, she also regularly cleaned the sidewalk outside the apartment; Defendants do not "know whether [Plaintiff] in fact cleaned the sidewalk," but state that she "was certainly not required to clean the sidewalk as part of her employment."  Plaintiff claims that Ms. Knight fed, bathed, dressed and groomed herself; Defendants do not deny that Ms. Knight generally performs these functions herself, but state that on some occasions

Ms. Knight may become confused and need "gentle re-directing." Finally, Plaintiff claims she spent at least 20 percent of her time at work cleaning the apartment, mopping the floor, cleaning the bathroom, kitchen and sidewalk outside the building. Defendants "do not believe" that Plaintiff spent as much time cleaning as she claims.

Plaintiff's Complaint states five causes of action: (1) failure to pay minimum wage as required by the FLSA; (2) unpaid wages at the overtime rate for time worked in excess of 44 hours as required by the NYLL; (3) minimum wage violations of the NYLL; (4) failure to provide proper wage statements in violation of the NYLL; and (5) failure to provide proper wage notice in violation of the NYLL.

## II.  LEGAL STANDARD

The standard for summary judgment is well established. Summary judgment is appropriate where the record before the court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of informing the court of the basis for the summary judgment motion and identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c)(1); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). Courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *See Young v. United*

*Parcel Serv., Inc.*, 135 S. Ct. 1338, 1347 (2015); *ln re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. DISCUSSION

### A. FLSA Claim

The Complaint's first cause of action alleges failure to pay a minimum wage as required by 29 U.S.C. § 206(f). Defendants move for summary judgment on the theory that they are exempt from the FLSA. Plaintiff opposes the motion.

Defendants do not dispute that they are "employers" for purposes of the FLSA. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013) (enumerating factors to determine "employment relationship"). However, Defendants invoke the "companionship services exemption," which provides that the FLSA's minimum wage provisions "shall not apply with respect to":

> any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary) . . . .

29 U.S.C. § 213(a)(15). According to regulations in effect during Plaintiff's employment,

> the term companionship services shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: *Provided, however*, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.

29 C.F.R. § 552.6 (2014).  Further, even companionship services employees "who are employed by an employer or agency other than the family or household using their services, are exempt from the [FLSA's] minimum wage and overtime pay requirements."  29 C.F.R. § 552.109 (2014).  "A claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim."  *Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 91 n.7 (2d Cir. 2013).

Here, under the plain terms of the regulation, for Defendants' motion to succeed, they must show that Plaintiff spent no more than 20 percent of her time at work on "general household work."  § 552.6.  According to a March 1995 Opinion Letter by the Department of Labor, activities related to the "care of the aged or infirm person" in the regulation include "cleaning the patient's bedroom, bathroom or kitchen, picking up groceries, medicine, and dry cleaning," while general household work includes "heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a 'trashy' house."  U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter on Fair Labor Standards Act, 1995 WL 1032475 (Mar. 16, 1995).  The parties dispute whether Plaintiff spent more than 20 percent of her work hours cleaning the house and sidewalk unrelated to the care of Ms. Knight.  Accordingly, the parties' factual dispute over the applicability of the companionship services exemption to FLSA precludes Defendants' motion for summary judgment on the FLSA claim.

    **B.**    **NYLL Minimum Wage and Overtime Claims**

All parties move for summary judgment on Plaintiff's minimum wage and overtime claims under the NYLL.  Defendants argue that, although "it would appear that the[y] are liable for the minimum wage and overtime under the [NYLL]," they are nonetheless exempt because

the NYLL's narrower "companionship exemption conflicts with the FLSA's exemption." This argument fails as a matter of law because "[i]t is settled in the Second Circuit that [the] FLSA does not preempt state wage and hour laws." *Segal v. Varonis Sys., Inc.,* 601 F. Supp. 2d 551, 554 (S.D.N.Y. 2009). As the Second Circuit has observed,

> Congress' intent to allow state regulation to coexist with the federal scheme can be found in § 18(a) of the FLSA, which explicitly permits states to mandate greater overtime benefits. . . . [E]very Circuit that has considered the issue has reached the same conclusion -- state overtime wage law is not preempted by . . . the FLSA.

*Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2d Cir. 1991) (internal citation omitted). Accordingly, Defendants' argument is rejected.

As the facts are undisputed, summary judgment on the minimum wage and overtime claims is granted to Plaintiff. The parties agree that Plaintiff is a domestic worker for purposes of NYLL § 170, and that the NYLL companionship exemption does not apply. She therefore is entitled to the minimum wage and to time-and-a-half wages for all hours worked in excess of 44. N.Y. Lab. Law § 170 (McKinney 2010).

### C.     Wage Statements and Wage Notice

Section 195(1)(a) of the NYLL, of the version effective from April 9, 2011, to December 28, 2014, requires employers to provide all employees with a written notice "at the time of hiring" and "on or before February first of each subsequent year" of employment, which includes information about, among other things, the rate of pay, hours of employment and contact information for the employer. N.Y. Lab. Law § 195(1)(a) (McKinney 2011). As remedy for a violation, an employee may recover "damages of fifty dollars for each work week that the

6

violations occurred or continue to occur," up to a maximum of $2,500, "together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-b) (McKinney 2011).[1]

Section 195(3) of the NYLL requires employers to provide employees a written statement with their wages that includes the rate of pay, deductions, allowances, hours of employment and overtime pay. N.Y. Lab. Law § 195(3) (McKinney 2011). As remedy, an employee may recover "one hundred dollars for each work week that the violations occurred or continue to occur," up to a maximum of $2,500, "together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-d) (McKinney 2011).[2]

Once again, Defendants admit that they did not comply with the relevant law but argue that they are exempt. Defendants rely on the NYLL's general definitions provision, which provides that an "'[e]mployee' means a mechanic, workingman or laborer working for another for hire." N.Y. Lab. Law § 2(5) (McKinney 2011). Because "domestic worker" is defined separately, *see* N.Y. Lab. Law § 2(16), Defendants argue that Plaintiff is not an "employee" for purposes of the NYLL. However, they ignore the relevant definition in Article 6 of the NYLL, which contains the wage notice and statement provisions. This definition states: "As used in this article . . . '[e]mployee' means any person employed for hire by an employer in any employment." N.Y. Lab. Law § 190 (McKinney 2008). Plaintiff meets this broad definition.

---

[1]    Effective February 27, 2015, the penalty under NYLL § 198(1-b) increased to $50 per day up to a maximum of $5,000, plus costs and reasonable attorney's fees. N.Y. Lab. Law § 198(1-b)(McKinney 2015).

[2]    Effective February 27, 2015, the penalty under NYLL § 198(1-d) increased to $250 per day up to a maximum of $5,000, plus costs and reasonable attorney's fees. N.Y. Lab. Law § 198(1-d). Plaintiff concedes that the new version of the statute does not apply retroactively.

Because Defendants admit they did not comply with the NYLL's wage notice and statement requirements, Plaintiff's motion for summary judgment on the fourth and fifth causes of action is granted.

### D.     Damages under the NYLL

Plaintiff is entitled to a total of $134,388.16 in damages for Defendants' liability on all four NYLL claims, which includes statutory liquidated damages in addition to actual damages. Beginning on November 24, 2009, a prevailing employee became presumptively entitled to liquidated damages under the NYLL, "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." Strengthening Wage and Hour Protections for Working People, ch. 372, §§ 1, 3, 2009 N.Y. Sess. Laws, 6963; *see* N.Y. Lab. Law §§ 198(1-a), 663(1) (McKinney 2011).  For the period of Plaintiff's employment  -- from November 2011 to July 2013 -- the amount of liquidated damages recoverable under the NYLL is 100 percent. *See* Wage Theft Prevention Act, ch. 564, §§ 7, 16, 2010 N.Y. Sess. Laws, 8380 (McKinney).  Defendants provide no evidence of a good faith basis to believe that their employment practices were in compliance with the law, and moreover they admit that they took no steps to determine if they complied with the law.  Therefore, Plaintiff is entitled to liquidated damages of 100 percent of her actual damages.

Because Plaintiff's NYLL claims are subject to a six-year statute of limitations, she is entitled to damages for the entire period of her employment, as calculated below. N.Y. Lab. Law §§ 198(3), 663(3) (McKinney 2011).  At all relevant times the minimum wage in New York was $7.25. *See* N.Y.S. Dep't of Labor, History of the Hourly Minimum Wage, https://www.labor.ny.gov/stats/minimum_wage.asp (last visited August 12, 2015).  Because Plaintiff

8

was paid $400 for 119 hours of work, Plaintiff's hourly wage throughout her employment was $3.36.

- *For Plaintiff's minimum wage claim for non over-time hours*: 88 (weeks) x 44 (hours) x $3.89 (difference between Plaintiff's rate and minimum wage) = $15,062.08

- *For Plaintiff's overtime wages*: 88 (weeks) x 75 (hours in excess of 44) x $7.52 (difference between Plaintiff's rate and minimum overtime rate of $10.88) = $49,632

- *Damages for wage notice and wage statements:* $2,500 + $2,500 = $5,000

- *Liquidated damages*: 100% of actual minimum wage and overtime damages = $64,694.08

Accordingly, Plaintiff is entitled to a total of $134,388.16 for her NYLL claims.

### E. Liquidated Damages Under FLSA

Plaintiffs may not recover under both the NYLL and the FLSA for the same injury and can recover under the statute that provides for greatest relief. *See, e.g.*, *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195, 2012 WL 1669341, at *5 (S.D.N.Y. May 14, 2012). Accordingly, even if Plaintiff were to succeed on her FLSA minimum wage claim at trial, she would not be entitled to any additional compensation on that claim. Only if Plaintiff can recover liquidated damages under the FLSA in addition to her NYLL liquidated damages would there be any purpose in litigating the FLSA claim.

"There is no appellate authority as to whether a plaintiff may recover cumulative (sometimes called 'simultaneous' or 'stacked') liquidated damages under the FLSA and NYLL, and the district courts in this Circuit are deeply divided." *Inclan v. New York Hospitality Grp., Inc.*, --- F. Supp. 3d ----, No. 12 Civ. 4498, 2015 WL 1399599, at *11 (S.D.N.Y. Mar. 26, 2015). "Courts that have awarded cumulative liquidated damages have begun their analysis from the proposition that liquidated damages under the FLSA are described as 'compensation, not a

9

penalty,' whereas the NYLL's liquidated damages provision is said to 'constitute a penalty.'" *Id.* (internal citations omitted and collecting cases). "In contrast, other district courts have declined to award cumulative liquidated damages on the ground that the distinction between compensatory and punitive for characterizing liquidated damages under the FLSA and NYLL is semantic, exalting form over substance." *Id.* at *12 (internal quotation marks and alterations omitted) (collecting cases). The changes in the NYLL's liquidated damages provision have rendered any distinction between the FLSA liquidated damages (as "compensatory") and the NYLL liquidated damages (as "punitive") largely illusory. *See Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14 Civ. 1695, 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015) ("[T]here is an emerging trend towards denying a cumulative recovery of liquidated damages, as the NYLL liquidated damages provision now closely parallels the FLSA provisions because of the 2011 amendments, which increased liquidated damages from 25 percent to 100 percent and changed the standard of proof."). Consequently, Plaintiff is not entitled to double recovery for liquidated damages under both the FLSA and the NYLL.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is DENIED, and Plaintiff's motion for partial summary judgment is GRANTED. Plaintiff is entitled to $134,388.16 for her NYLL claims. She is not entitled to recover any additional damages for the remaining FLSA minimum wage claim that survives summary judgment. Plaintiff is directed to advise the Court of how she intends to proceed with the FLSA claim no later than August 20, 2015.

The Clerk of Court is directed to close the motions at Dkt. Nos. 33 and 49.

SO ORDERED.

Dated: August 12, 2015
New York, New York

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**